UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

FILED

2011 OCT 11 P 1:50

U.S. DISTRICT COURT
EASTERN DIST. TENN.

_____DEPT. CLERK

**JAMES M. BREEDEN,**

  Plaintiff,

v.

No. 3:11cv481 - Varlan
JURY DEMANDED   Shirley

**ALLSTATE INDEMNITY COMPANY,**
c/o   Commissioner of Insurance
   State of Tennessee
   500 James Robertson Parkway
   Nashville, TN 37243

  Defendant.

## COMPLAINT

1. Plaintiff, James M. Breeden ("Mr. Breeden"), at all times material, was a citizen and resident of Knox County, Tennessee, residing at 7528 Lancashire Boulevard, Powell, Tennessee 37849 (Mr. Breeden's "dwelling place").

2. Defendant, Allstate Indemnity Company ("Allstate"), is, upon information and belief, an insurance company incorporated in the state of Illinois, with its principle place of business located at 2775 Sanders Road, Northbrook, Illinois 60062. Allstate does business in the State of Tennessee and may be served through the Commission of the Tennessee Department of Commerce and Insurance, pursuant to *T.C.A. § 56-2-103*.

3. The Court has jurisdiction over this action pursuant to *28 U.S.C. §1332*. Venue is proper with this Court pursuant to *28 U.S.C.§ 1391(a)*.

4. Mr. Breeden's cause of action arises out of Allstate's failure to pay insurance benefits due Mr. Breeden under: (a) a "Deluxe Plus Homeowner Policy" (No. 930414511 0) issued by Allstate ("the Homeowners Policy") , which, at all times material, insured and covered

Mr. Breeden's dwelling place and its contents against loss or injury by fire, explosion and other perils; and (b) under an "Auto Insurance Policy" (No. 030302315) issued by Allstate ("the Auto Policy"), which, at all times material, insured and covered Mr. Breeden's automobile and its contents against loss or injury by fire, explosion and other perils.

5. On or about September 18, 2010, Mr. Breeden's dwelling place and its contents, along with his automobile and its contents were wholly destroyed by fire, explosion and/or other peril. In addition, Mr. Breeden was badly burned by the fire and/or explosion as Mr. Breeden was in the dwelling place at the time of the fire, explosion and/or other peril.

6. Mr. Breeden submitted to an "Examination under Oath on January 13, 2011 and, by "Sworn Statement of Proof of Loss," dated January 20, 2011, Mr. Breeden made demand of Allstate for total payment of $317,760.00 in insurance benefits under the Homeowners Policy (Claim No. 017792584) and the Auto Policy (Claim No. 0178051025).

7. By letter dated March 7, 2011, Allstate refused and denied Mr. Breeden's claims for insurance benefits under the Policies. In doing so, Allstate, in bad faith, stated that the "preponderance of the evidence shows that the fire was intentionally caused by [Mr. Breeden]" and that Mr. Breeden had "committed concealment or fraud relating to the claim." Mr. Breeden has never been charged with any crime related to the fire, had no role whatsoever in causing or contributing to the fire, and committed no fraud or concealment.

8. By letter of June 23, 2011, Mr. Breeden, through counsel, made formal demand of Allstate, through its counsel, Mark Kinsman, for payment of $317,760.00 in insurance benefits under the Policies and gave notice of Mr. Breeden's intent to claim the benefit of the Tennessee bad-faith penalty pursuant to T.C.A. § 56-7-105(a). To date, Allstate has not responded and still

2

Case 3:11-cv-00481-TAV-CCS   Document 1   Filed 10/11/11   Page 2 of 4   PageID #: 2

refuses to pay Mr. Breeden's claims. In the interim, Mr. Breeden has suffered additional covered losses such as rental payments, clean-up charges, and newly identified personal property losses. As a result of Allstate's refusal to pay, Mr. Breeden has suffered and incurred additional losses, expenses, and injury.

9. Although Mr. Breeden has performed all conditions precedent to his right of recovery under the Policies, Allstate was failed and refused to make payment to him. The failure of Allstate to pay Mr. Breeden is and has been without justification and is in bad faith.

**WHEREFORE**, Plaintiff, James M. Breeden, sues Allstate Indemnity Company and prays for the following:

A. That proper process issue and be served on Defendant requiring it to answer within the time prescribed by law;

B. That the Court, upon hearing, enter Judgment against Defendant for Plaintiff's losses of September 18, 2010 in the amount of $317,760.00;

C. That the Court, upon hearing, determine Defendant's refusal to pay Plaintiff's claim was not in good faith and award Plaintiff a bad faith penalty of twenty-five percent (25%);

D. That the Court award Plaintiff pre-judgment interest;

F. That a jury be empaneled to try the issues joined; and

E. That the Court award Plaintiff any other, further and general relief to which he may show himself to be entitled.

Respectfully submitted, this 11th day of October, 2011.

3


Christopher T. Cain, #19997
Ball & Scott
550 W. Main Avenue, Suite 601
Knoxville, TN 37902
(865) 525-7028
cain@ballandscott.com

4